UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
DAVID ROCHELLE,

                Plaintiff,

v.

AUTOZONERS, LLC., et al.,

                Defendants.

------------------------------------------------------X

**OPINION AND ORDER**

21-CV-01220 (PMH)

PHILIP M. HALPERN, United States District Judge:

      David Rochelle ("Plaintiff") commenced this action against Autozoners, LLC ("Autozone"), Alldata LLC ("Alldata"), Autozone, Inc. (together with Autozone and Alldata, the "Corporate Defendants"), Darryl Delmas ("Delmas"), Jeffrey Spillman ("Spillman"), Amy Maguire ("Maguire"), George Verkamp ("Verkamp"), and Satwinder Mangat ("Mangat") on February 11, 2021, pressing claims of discrimination, retaliation, failure to accommodate, interference, and failure to engage in cooperative dialogue under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., the New York City Human Rights Law ("NYCHRL"),  the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq, and the New York Labor Law ("NYLL"). (Doc. 1). Plaintiff filed a First Amended Complaint, the operative pleading, on July 1, 2021 with leave of the Court, which terminated Verkamp and Mangat as defendants in this action. (Doc. 29, "FAC"). The Court, on September 12, 2023, dismissed with prejudice all claims in the FAC and directed the Clerk of Court to close the case. (Doc. 67, "Prior Order").[1]

---

[1] The Prior Order is available on commercial databases. *See Rochelle v. AutoZoners, LLC*, No. 21-CV-01220, 2023 WL 5935835, at *1 (S.D.N.Y. Sept. 12, 2023). However, for ease of reference, the Court cites herein the copy of the Prior Order filed on the docket.

On September 25, 2023, Plaintiff filed a motion for reconsideration of the dismissal of the tenth claim for relief—failure to engage in cooperative dialogue under the NYCHRL. (Doc. 69; Doc. 70, "Pl. Br."). Defendants filed opposition to Plaintiff's motion for reconsideration on October 6, 2023 (Doc. 72, "Opp. Br."), and the motion was fully submitted upon the filing of Plaintiff's reply papers on October 12, 2023 (Doc. 73, "Reply").[2]

For the reasons stated herein, Plaintiff's motion for reconsideration is DENIED.

## STANDARD OF REVIEW

A motion for reconsideration "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. at 376 (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "Reconsideration . . . is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that the "[t]he standard for granting [a reconsideration] motion is strict . . . ."). Moreover, a motion for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court,

---

[2] The Court assumes the parties' familiarity with the underlying facts and procedural history of this action. Unless otherwise indicated, defined terms and citations herein to documents submitted on the underlying motion have the same meanings and utilize the same format ascribed to them in the Prior Order.

nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009).

## ANALYSIS

Plaintiff advances two arguments in support of his motion for reconsideration of the NYCHRL cooperative dialogue claim for relief: (i) the Court overlooked a theory of liability with respect to Mr. Spillman's statements to Plaintiff; and (ii) the Court overlooked and/or misconstrued certain factual assertions with respect to Plaintiff's sales quota. The Court addresses Plaintiff's arguments *seriatim*.

I.   First Argument: Overlooked Theory of Liability

Plaintiff contends that the Court overlooked, in the Prior Order, one theory of liability with respect to Mr. Spillman's statements to Plaintiff that would have led to a different conclusion had the Court considered it. Plaintiff asserts that "Defendants violated the cooperative dialogue requirement based on Mr. Spillman's misrepresentation to Plaintiff while he was out on his November 12, 2018-January 1, 2019 leave that he would not be held accountable for achieving quota for the first 2 or 3 sales periods from when he returned," and that these alleged misrepresentations "violate[] an employer's duty to act in good faith." (Pl. Br. at 3). Although the Court did not explicitly address Plaintiff's "duty to act in good faith" argument in the Prior Order, it was not overlooked. "The Court is not required to delineate every reason for the decisions it makes; it is in the Court's discretion to respond specifically-or not-to arguments made by the parties." *Devinsky v. Kingsford*, No. 05-CV-02064, 2008 WL 2704338, at *3 (S.D.N.Y. July 10, 2008). Further, specifically addressing this argument in the Prior Order would not have changed the conclusion.

Defendants held an interactive process phone call with Plaintiff during the Second Medical Leave, during which two options were provided as accommodations for Plaintiff's return to work. (Prior Order at 5-6). Plaintiff denied both accommodations and, providing authorization from his doctor, opted to return to work "in [his] usual capacity." (*Id*. at 5). Plaintiff received an email from Mr. Spillman upon his return to work which clarified his past and current accommodations. (*Id*. at 5; Def. Br., Ex. 21). Even if Mr. Spillman's prior oral statements misrepresented Plaintiff's sales quota expectations for the first few sales periods, any misrepresentation was corrected by Mr. Spillman's January 4th email to Plaintiff which laid out in no uncertain terms what was expected of Plaintiff upon his return to work.[3] Therefore, in light of the undisputed evidence that the parties had an interactive conversation on December 12, 2018 and that Mr. Spillman's January 4th email clarified Plaintiff's expectations, the Court does not find the oral statements previously made by Mr. Spillman to be evidence of a failure to act in good faith sufficient to constitute a violation of the cooperative dialogue requirement under the NYCHRL.[4]

Accordingly, even assuming Mr. Spillman made such misrepresentations to Plaintiff during his Second Medical Leave, the Court's conclusion as to Plaintiff's cooperative dialogue claim for relief would not change. This branch of Plaintiff's motion for reconsideration is denied.

---

[3] Indeed, Plaintiff's testimony confirms that, regardless of Mr. Spillman's previous oral statements, he understood from Mr. Spillman's email what would be expected of him in terms of sales performance upon his return to work. (Doc. 60-8, "Rochelle Tr." at 224:19-225:2 ("Q: But you understood as of January 4th, whether or not you had been lied to or not, you understood what the expectation was, written expectation was, you had to achieve your sales quota, there was not going to be any type of waiver or relief or favor from Mr. Spillman; correct? A: Based on this writing, yes.")).

[4] *Cf. Heiden v. New York City Health & Hosps. Corp.*, No. 20-CV-10288, 2023 WL 171888, at *34 (S.D.N.Y. Jan. 11, 2023) (denying summary judgment as to the failure to engage in cooperative dialogue claim where "[t]he only relevant interactions with Plaintiff were his submission of the request, the submission of Plaintiff's forms, and [the HR employee] informing Plaintiff that they had denied his request. There was otherwise no exchange with Plaintiff exhibiting a 'cooperative dialogue' . . . .").

II.     <u>Second Argument: Overlooked and/or Misconstrued Factual Allegations</u>

Plaintiff next contends that the Court also overlooked and/or misconstrued the following two sets of factual allegations that would have led to a different conclusion had the Court considered them:

> (1) between Plaintiff's August, 2018 car accident and the start of P6, FY19, Defendants excused Plaintiff from having to achieve quota rather than reducing his quota for 2 out of the 4 sales periods during which Plaintiff took medical leave during some, but not all, of the respective sales period (P3, FY19 and P5, FY19) and (2) the aforementioned January 4, 2019 email . . . is silent as to how Defendants would accommodate Plaintiff in the event of future medical absences.

(Pl. Br. at 5). To meet their burden on this factual issue, Plaintiffs must point to "data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Henderson*, 502 F. Supp. 2d at 376. Plaintiff has not met this burden with respect to either fact.

Plaintiff suggests that the Court (i) "was under the impression that quota reduction was the only type of accommodation Defendants gave him in sales periods where (as in P6, FY19) he took medical leave" and (ii) misconstrued Mr. Spillman's January 4, 2019 email "as notifying Plaintiff that in the event of future medical absences Defendants would accommodate him only by reducing his quota . . . ." (Reply at 4). Plaintiff further submits that, in light of these clarified facts, the Court may alter its finding that "Plaintiff's experience with Defendants should have created an expectation that further accommodations for absence would be in the form of quota relief." (Pl. Br. at 6). Even assuming the Court alters its finding about what type of quota relief Plaintiff should have expected, its conclusion does not change. The Court granted summary judgment because "there is no evidence on the record that Defendants failed to engage in cooperative dialogues with Plaintiff." (Prior Order at 33). Whether Plaintiff should have expected quota relief in the form of quota reduction or relief entirely from quota, while relevant as providing context for the parties' interactions, does not repair Plaintiff's ultimate failure of proof on the tenth claim for relief.

Plaintiff also argues that alteration of the Court's finding about Plaintiff's expectations would change its conclusion as to whether the parties' cooperative dialogue was had in a "reasonable amount of time" pursuant to the NYCHRL. (Pl. Br. at 6). To the extent the Court exercised its discretion to not specifically address the "reasonable time" argument in its Prior Order, it was not overlooked. *See Devinsky*, 2008 WL 2704338 at *3. In any event, had the Court addressed this argument in the Prior Order, its conclusion would not change.

As detailed in the Prior Order, Defendants held an interactive process phone call with Plaintiff on December 12, 2018, Plaintiff ended the interactive process when he rejected the offered accommodations and returned to work "in [his] usual capacity" on January 2, 2019, and Mr. Spillman informed Plaintiff via email that he was responsible for meeting the full sales quota in P6 FY19 and beyond. (Prior Order at 5-6, 31). Thereafter, Plaintiff provided Defendants a doctors' note requesting that he be excused from work for re-evaluation from February 4 to 8, 2019, which was the last week of P6 FY19. (*Id*. at 6). Plaintiff did not request quota relief in connection with this request for time off. (56.1 Stmt. ¶ 113). Defendants granted Plaintiff FMLA leave for those five days ("Third Medical Leave"); and, on February 11, 2019, Defendants mailed paperwork via FEDEX priority overnight mail informing Plaintiff that he would receive five days of quota relief to accommodate the Third Medical Leave. (Prior Order at 6; 56.1 Stmt. ¶¶ 115-116). Plaintiff received a fifth stage CAR for failing to meet his adjusted P6 FY19 quota and was terminated on February 12, 2019. (Prior Order at 7). The Court has not found, and Plaintiff fails to cite to any case law suggesting that granting an employee's request for time off and notifying the employee of the corresponding adjustment to his sales quota ten days later[5] constitutes a failure to engage in

---

[5] The doctor's note is dated February 1, 2019. (56.1 Stmt. ¶ 61). Plaintiff's recollection is that he submitted the note the day he received it, although Defendants dispute that date. (*Id*.). Regardless, the note was provided to Defendants by at least February 4, 2019, which is when Plaintiff's Third Medical Leave commenced. The Court utilizes Plaintiff's earlier date for the purposes of calculating time.

cooperative dialogue within a "reasonable time." The Court finds this timeframe is even more reasonable considering that Plaintiff received what he requested—days off work—and, though Plaintiff was aware of the parameters of P6 FY19 at the time of his request, he did not explicitly request an accommodation regarding his sales quota.

Therefore, even taking into account the facts advanced by Plaintiff regarding his prior experience with quota relief, the Court's conclusion as to Plaintiff's cooperative dialogue claim for relief remains the same. This branch of Plaintiff's motion for reconsideration is denied.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to terminate the pending motion sequence (Doc. 69).

Dated: White Plains, New York
      October 25, 2023

SO ORDERED:

_____
Philip M. Halpern
United States District Judge